**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHAWNCEY BLAKE,<br><br>　　　　　Plaintiff - Appellant,<br><br>　v.<br><br>SANTA CLARA DEPARTMENT OF CORRECTIONS; et al.,<br><br>　　　　　Defendants - Appellees. | No. 14-17205<br><br>D.C. No. 4:14-cv-02568-JSW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted September 21, 2015[**]

Before:　　REINHARDT, LEAVY, and BERZON, Circuit Judges.

　　　Shawncey Blake, an inmate at Santa Clara County Jail, appeals pro se from

the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging

deliberate indifference to his serious medical needs. We have jurisdiction under 28

---

　　　[*]　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

　　　[**]　　The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and we affirm.

The district court properly dismissed Blake's claims against defendant Nguyen because Blake failed to allege facts sufficient to show that Nguyen was deliberately indifferent to Blake's back injury. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be liberally construed, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *Gibson v. County of Washoe, Nev.*, 290 F.3d 1175, 1187-88 (9th Cir. 2002) (explaining that a prison official is deliberately indifferent only if he or she "knows of and disregards an excessive risk to inmate health" (citation and internal quotation marks omitted)).

The district court properly dismissed Blake's claims against the remaining defendants because Blake failed to allege facts sufficient to show that any defendant had a policy or custom that amounted to deliberate indifference, and that the policy or custom was the moving force behind the alleged constitutional violation. *See Gibson*, 290 F.3d at 1185-94 (explaining municipal liability under § 1983).

We do not consider Blake's arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per

14-17205

curiam).

Blake's pending requests and motions are denied.

**AFFIRMED.**